UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KOUTSOUDAKIS AND IAKOVOU LAW            :
GROUP, PLLC,                            :   Civil Action No.:
                                       :
          Plaintiff,                   :
                                       :
v.                                     :
                                       :   **COMPLAINT**
BULENT OSMAN, JOSEPH AUDDINO, ESQ.,    :
AND J. STREICHER, LLC,                 :
                                       :
          Defendants.                  :
                                       :
-----------------------------------------------------------------x

PLAINTIFF, by and through its attorneys, KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC, for its complaint against DEFENDANTS, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is a diversity action to recover damages for breach of contract, breach of the duty of good faith and fair dealing, quantum meruit, action stated, and unjust enrichment arising under the laws of the State of New York. As set forth below, Defendants have failed to abide by the terms of a Retainer Agreement whereby Plaintiff agreed to provide legal services to Defendants, and Defendants in turn agreed to pay Plaintiff its customary and usual fees for the services that Plaintiff provided and all costs that it incurred on Defendants' behalf. Defendants, jointly and severally, owe Plaintiffs over $100,000.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2), in that this is a civil action between a citizen of New York and citizens of the United

Kingdom and Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Although not required due to the amount of money owed, pursuant to 22 NYCRR 137.1 (b)(2) and as part of New York's Fee Dispute Resolution Program, Plaintiff offered Defendant Osman, by letter dated January 11, 2022, the option to initiate fee dispute resolution through arbitration. Defendant Osman elected not to proceed with fee arbitration.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5.      Plaintiff Koutsoudakis and Iakovou Law Group, PLLC, ("Plaintiff") is a professional services limited liability company duly formed under the laws of the State of New York and doing business in the State of New York, with a principal place of business located at 40 Wall Street, 49th Floor, New York, New York 10005.

6.      Upon information and belief, Defendant Bulent Osman ("Defendant Osman") is a citizen of the United Kingdom who Keston, Kent, United Kingdom. Defendant Osman caused his representative, Defendant Auddino, to sign a retainer agreement with Plaintiff, which requires Defendants to pay for legal services rendered by Plaintiff on behalf of Defendants.

7.      Upon information and belief, Defendant Joseph Auddino ("Defendant Auddino") is a citizen of Pennsylvania who resides in Philadelphia, Pennsylvania. Defendant Auddino is an attorney who, at all times relevant herein, represented Defendant Osman and J. Streicher, LLC. Defendant Auddino, as representative of Defendant Osman and J. Streicher, LLC, signed a retainer agreement with Plaintiff, which required Defendants to pay for legal services rendered by Plaintiff

on behalf of Defendants.

8.      Upon information and belief, Defendant J. Streicher, LLC is a limited liability company formed under the laws of the State of Delaware. Upon information and belief Defendant Osman was, at all times relevant herein, a managing member of J. Streicher, LLC.

**FACTS**

9.      On or about September 3, 2020, Plaintiff and Defendants entered into a written Retainer Agreement (the "Agreement"). The written Retainer Agreement, setting forth the terms of the representation and billing, was prepared by Plaintiff and agreed to, accepted, and signed by Defendant Auddino on behalf of Defendants Osman and J. Streicher, LLC.

10.     Pursuant to the Agreement, Plaintiff agreed to provide legal services to Defendants, and Defendants in turn agreed to pay Plaintiff its customary and usual fees for the services that Plaintiff performed and all costs that it incurred on Defendants' behalf.

11.     The legal services provided to Defendants included, but were not limited to, the representation of Defendants in connection with a shareholder litigation matter venued in the Supreme Court of the State of New York, County of New York, entitled *Bulent Osman, individually and derivatively on behalf of J. Streicher, LLC v. Thomas Brown, et al., Index No. 155092/2019.*

12.     Pursuant to the Agreement, Defendants paid Plaintiff a retainer fee, which was credited to the amounts billed by Plaintiff to Defendants until exhausted.

13.     Defendants never objected, specifically or generally, to the terms of the Agreement. Pursuant to the Agreement, Defendants were required to remit payment for legal services and costs to Plaintiff at its place of business.

14.     Plaintiff regularly provided Defendants with billing statements, including fees for

legal services and costs.

15.   Defendants made partial payment to Plaintiff but failed to pay the full amount due and owing.

16.   After Defendants failed to pay their legal bill for several months, and failed to keep in communication with Plaintiffs, Plaintiff withdrew from representation in the shareholder litigation matter upon leave granted by the New York Supreme Court.

17.   The total amount due and owing to Plaintiff for legal services performed on behalf of Defendants is $107,531.66.

**COUNT ONE**
**(Breach of Contract)**

18.   Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

19.   Plaintiff and Defendants entered into a valid contract for professional legal services.

20.   Under the Agreement, Plaintiff was required to provide professional legal services to Defendants, and Defendants were required to pay for such services.

21.   Plaintiff provided legal services pursuant to the Agreement.

22.   Defendants failed to pay Plaintiff the balance of the sum due from Defendants pursuant to the Agreement.

23.   Plaintiff has repeatedly demanded that Defendants pay the above specified amount due. Despite these demands for payment, Defendants have failed to pay Plaintiff the balance of the sum due Plaintiff in connection with this representation.

24.   Defendants' failure to pay Plaintiff the sum due constitutes a material breach of the Agreement in effect between Plaintiff and Defendants.

25.   As a result of Defendants' breach as set forth above, Plaintiff has sustained an injury

in the amount of $107,531.66, which represents the fair and reasonable value of the unpaid services rendered and costs incurred by Plaintiff on Defendants' behalf.

## COUNT TWO
### (Breach of the Duty of Good Faith and Fair Dealing)

26.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     New York State law implies a duty of good faith and fair dealing in all contracts between parties entered into in the State of New York.

28.     Defendants' failure to pay Plaintiff the sum due deprived Plaintiff of the fruit of its bargain with Defendants.

29.     Defendants' conduct constitutes a breach of the implied duty of good faith and fair dealing.

30.     The actions of Defendants in violation of the implied duty of good faith and fair dealing have caused Plaintiff to suffer damages in the amount of $107,531.66.

## COUNT THREE
### (Quantum Meruit)

31.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32.     Beginning on September 3, 2020, and continuing through May 18, 2022, Plaintiff, at the request of Defendants and with their knowledge and approval, represented Defendants Osman and J. Streicher, LLC in connection with the matters described above.

33.     In the course of its representation of Defendants Osman and J. Streicher, LLC, Plaintiff was required to furnish services and incur costs for the benefit of these Defendants in connection with the matters described above.

34.     The fair and reasonable value of the unpaid services that Plaintiff rendered to Defendants and costs it incurred on Defendants' behalf in connection with the above-described matter is $107,531.66.

35.     Despite repeated requests to pay for the services obtained from Plaintiff, Defendants have failed to pay Plaintiff the fair value of such services and costs, although the same is due and owing.

36.     The actions of Defendants have caused Plaintiff to suffer damages in the amount of $107,531.66.

## COUNT FOUR
### (Action on an Account Stated)

37.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38.     During the course of its representation of Defendants in connection with the above-described matter, Plaintiff maintained books and account of the services that it rendered and the costs that it incurred on Defendants' behalf.

39.     Said accounts are an accurate and running account of all debits and credits for the provision of such services and assumed costs.

40.     On or about February 2, 2022, Plaintiff sent the last of the written accounts to Defendants through electronic mail.

41.     Defendants have had ample opportunity to scrutinize the written accounts.

42.     Defendants have agreed to or acquiesced in the correctness of the written accounts.

43.     Defendants have never objected, specifically or generally, to the written accounts.

44.     Although Plaintiff demanded payment of the balance due of $107,531.66, Defendants have failed to pay all or any part of the balance due Plaintiff in connection with the

written accounts.

45. To date, the balance due on the written accounts amounts to $107,531.66.

46. The actions of Defendants have caused Plaintiff to suffer damages in the amount of $107,531.66.

**COUNT FIVE**
**(Unjust Enrichment)**

47. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

48. As the *quid pro quo*, inducement, and consideration for the legal services provided to Defendants by Plaintiff, Defendants were required to pay promptly all bills submitted to Defendants.

49. Defendants have failed to pay all bills submitted to Defendants and have failed to pay Plaintiff for the legal services performed on Defendants' behalf.

50. Plaintiff has conferred a benefit of legal services upon Defendants, the fair value of which is $107,531.66 but has not received sufficient consideration in return.

51. Defendants continue to retain and enjoy benefits they received as a result of the legal services performed by Plaintiff on Defendants' behalf, despite failing to pay the fair value of such services and costs.

52. It is unjust for Defendants to retain and enjoy the benefits obtained from Plaintiff without providing adequate consideration for the same.

**WHEREFORE,** Plaintiff demands judgment in its favor against Defendants, jointly and severally, in the amount of $107,531.66, together with interest on all sums due, costs, reasonable attorneys' fees, and such other relief this Court deems just and appropriate.

Dated:  New York, New York
        July 26, 2022

                              KOUTSOUDAKIS & IAKOVOU
                              LAW GROUP, PLLC

                    By:    /s/ *Steven Siegler*
                              Steven Siegler, Esq. (SS1224)
                              40 Wall Street, 49th Floor
                              New York, NY 10005
                              (212) 404-8609
                              steven@kilegal.com
                              *Attorneys for Plaintiff*